IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH D. SMITH, JR. and DIANE SMITH, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 13 C 7411 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| A.W. CHESTERTON COMPANY, CRANE CO., | ) | |
| H.B. FULLER COMPANY, UNION CARBIDE | ) | |
| CORPORATION, individually and f/k/a Union | ) | |
| Carbide Chemicals and Plastics Company; | ) | |
| CERTAINTEED CORPORATION; UNIROYAL, | ) | |
| INC.; AMERICAN BILTRITE, INC.; DOMCO | ) | |
| PRODUCTS TEXAS, INC.; JOHN CRANE, INC. | ) | |
| f/k/a  Crane Packing Company; GEORGIA- | ) | |
| PACIFIC LLC f/k/a Georgia-Pacific Corporation; | ) | |
| KELLY MOORE PAINT COMPANY, INC.; DAP, | ) | |
| INC.; KAISER GYPSUM COMPANY, INC.; | ) | |
| INGERSOLL-RAND COMPANY; GOULDS | ) | |
| PUMPS, INC.; GARDNER DENVER, INC.; IMO | ) | |
| INDUSTRIES, INC.; AIR & LIQUID SYSTEMS, | ) | |
| INC., successor by merger to Buffalo Pumps, Inc.; | ) | |
| ITT INDUSTRIES, INC., individually and as | ) | |
| successor-in-interest to Bell & Gossett Pump Co.; | ) | |
| AURORA PUMP COMPANY; WARREN | ) | |
| PUMPS, LLC; ARMSTRONG | ) | |
| INTERNATIONAL, INC.; SPIRAX SARCO, | ) | |
| INC.; GENERAL ELECTRIC COMPANY; CBS | ) | |
| CORPORATION, a Delaware corporation, f/k/a | ) | |
| Viacom Inc., successor by merger to CBS | ) | |
| Corporation, a Pennsylvania Corporation, f/k/a | ) | |
| Westinghouse Electric Corporation; FLOWSERVE | ) | |
| US, INC. a.k.a. Flowserve Pump Corp., | ) | |
| individually and as successor-in-interest to the | ) | |
| Edward Valve and Manufacturing Company; | ) | |
| ANDERSON, GREENWOOD & CO.; GRINNELL | ) | |
| CORPORATION f/k/a Grinnell Fire Protection | ) | |
| Systems, Inc.; GRINNELL LLC; MUELLER | ) | |
| GROUP, LLC d/b/a Mueller Flow, LLC; | ) | |
| MUELLER COMPANY; HENRY PRATT | ) | |
| COMPANY; FOSTER WHEELER ENERGY | ) | |
| CORPORATION; RILEY POWER, INC. f/k/a | ) | |
| Riley Stoker Corporation; TRANE U.S., INC.; | ) | |

HOWDEN BUFFALO, INC.; CARRIER          )
CORPORATION, AND METROPOLITAN LIFE )
 INSURANCE CO.,                        )
                        Defendants.    )

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiffs Diane and Kenneth D. Smith, Jr. sued Defendants A.W. Chesterton

Company, Crane Co., H.B. Fuller Company, Union Carbide Corporation, Individually

and f/k/a Union Carbide Chemicals and Plastics Company; Certainteed Corporation;

Uniroyal, Inc.; American Biltrite, Inc.; Domco Products Texas, Inc.; John Crane, Inc.

f/k/a Crane Packing Company; Georgia-Pacific LLC f/k/a Georgia-Pacific Corporation;

Kelly Moore Paint Company, Inc.; DAP, Inc.; Kaiser Gypsum Company, Inc.; Ingersoll-

Rand Company; Goulds Pumps, Inc.; Gardner Denver, Inc.; Imo Industries, Inc.; Air &

Liquid Systems, Inc., Successor by Merger to Buffalo Pumps, Inc.; ITT Industries, Inc.,

Individually and as Successor-in-Interest to Bell & Gossett Pump Co.; Aurora Pump

Company; Warren Pumps, LLC; Armstrong International, Inc.; Spirax Sarco, Inc.;

General Electric Company; CBS Corporation, a Delaware Corporation, f/k/a Viacom Inc.,

Successor by Merger to CBS Corporation, a Pennsylvania Corporation, f/k/a

Westinghouse Electric Corporation; Flowserve Us, Inc. a.k.a. Flowserve Pump Corp.,

Individually and as Successor-in-Interest to the Edward Valve and Manufacturing

Company; Anderson, Greenwood & Co.; Grinnell Corporation f/k/a Grinnell Fire

Protection Systems, Inc.; Grinnell LLC; Mueller Group, LLC d/b/a Mueller Flow, LLC;

Mueller Company; Henry Pratt Company; Foster Wheeler Energy Corporation; Riley

Power, Inc. f/k/a Riley Stoker Corporation; Trane U.S., Inc.; Howden Buffalo, Inc.;

Carrier Corporation, and Metropolitan Life Insurance Co., in the Circuit Court of Cook

County, Illinois seeking damages Kenneth incurred as a result of exposure to asbestos.

Count one alleges that Kenneth suffered from an asbestos-related disease, including

mesothelioma, as a direct and proximate result of his employment with the Navy. Count

two alleges that defendants knew that exposure to asbestos caused serious disease and

death, and failed to warn of its hazardous effects. Defendant Crane Co. ("Crane") timely

removed the action to this court, pursuant to the federal officer removal statute, 28 §

U.S.C. 1442(a)(1). Plaintiffs have moved to remand the action to state court. For the

reasons discussed below, plaintiffs' motion to remand is denied.

## BACKGROUND

Plaintiff Kenneth Smith served in the United States Navy from 1964 to 1968. He

alleges that during the course of his employment he "was exposed to and inhaled,

ingested or otherwise absorbed asbestos fibers emanating from certain products he was

working with and around that were manufactured, sold, distributed, marketed or installed

by the Defendants." For purposes of the instant motion, he alleges that he was exposed to

asbestos from internal gaskets in the valves sold or supplied by Crane to the Navy.

Plaintiff became aware that he suffered from an asbestos-related disease, including

mesothelioma, on or about June 25, 2013.

## DISCUSSION

The federal officer removal statute permits removal of a state court action to

federal court when such action is brought against "[t]he United States or any agency

thereof or any officer (or any person acting under that officer) of the United States or of

any agency thereof, in an official or individual capacity, for or relating to any act under color of such office [.]" 28 U.S.C. § 1442(a)(1). The proponent of the motion bears the burden of proving the grounds for removal. *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180 (7th Cir. 2012). To remove pursuant to Section 1442(a)(1), Crane must show that: (1) it is a "person" within the meaning of the statute; (2) plaintiffs' claims alleging exposure to asbestos and failure to warn are based upon Crane's conduct "acting under" the Navy; (3) it raises a colorable federal defense; and (4) there is a causal nexus between plaintiffs' claims and Crane's conduct performed under color of a federal office. *MacQueen v. Union Carbide Corporation*, 2013 WL 6571808, *1, *2 (D. Del. Dec. 13, 2013).

Plaintiffs challenge federal officer removal jurisdiction, arguing that, (1) Crane was not "acting under" a federal officer, and that (2) Crane does not have a colorable federal defense. Plaintiffs begin by arguing that Crane bears a special burden of establishing the official nature of its activities as a private party seeking removal under Section 1442(a)(2). This interpretation finds no support in the federal officer removal statute and has been rejected by the 7th Circuit. "[T]he statute has historically authorized removal by private parties without qualification." *Ruppel*, 701 F.3d at 1180. As such, private parties invoking this statute, as opposed to federal officers, carry no such 'special burden.' *Id.* Further, the removal statute provides a federal forum to litigate federal defenses for officers whose duties under federal law conflict with state law. *Id.* at 1180-81. Therefore, the removal statute is to be construed broadly, and "should not be frustrated by a narrow, grudging interpretation of [Section] 1442(a)(1)." *MacQueen,* 2013 WL 6571808 at *2.

Plaintiffs next challenge Crane's assertion that it is a person "acting under" a federal officer. Plaintiffs argue that in the absence of a contract with the government, Crane has not established that it supplied equipment and material to a federal officer. Further, plaintiffs assert that merely supplying its stock product does not amount to "acting under" a United States officer.

For purposes of this statute, the term "acting under" is liberally construed. *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 147 (2007). In the instant context, "acting under" a federal officer or agency "must involve an effort to *assist,* or to help *carry out,* the federal superior's duties or tasks." *Id.* at 143. Additionally, "acting under" includes situations "where the federal government uses a private corporation to achieve an end it would have otherwise used its own agents to complete." *Ruppel,* 701 F.3d at 1181.

To establish that it was "acting under" a federal officer, Crane has submitted affidavits from: (1) Anthony D. Pantaleoni, its vice-president of Environment, Health and Safety; (2) David P. Sargent, Jr., a retired Rear Admiral of the United States Navy; and (3) Samuel A. Forman, M.D., a medical doctor specializing in preventive medicine and occupational medicine who served on active duty in the Navy. These affidavits establish that Crane designed and manufactured products pursuant to Military Specifications (MILSPECs) developed by the Navy. The affidavits further demonstrate that these MILSPECs specifically required Crane to use asbestos-containing materials. Taken together, these affidavits establish that Crane was assisting the Navy in completing a duty or task.

Plaintiffs challenge the affidavits because Crane did not base federal jurisdiction upon a contract between it and the United States Navy for the equipment and material supplied. Nevertheless, similar affidavits have been found to establish that a defendant has acted "under" a federal officer in prior cases. For example, in *Gates v. A.O. Smith Water Products Co.*, 2014 WL 104965 *1, *3 (N.D.N.Y. Jan. 9, 2014), a factually similar asbestos-related tort action against Defendant Crane Co., the court relied on affidavits from Anthony D. Pantaleoni and David P. Sargent, Jr. in holding that the equipment made and supplied by the defendant, including valves for Navy ships, governed by an extensive set of MILSPECs, was sufficient evidence to show it acted "under" a federal officer. Similarly, the Court of Appeals in *Ruppel* held that the defendant acted "under" federal authority by installing asbestos in products it supplied to the Navy. *Ruppel*, 701 F.3d at 1181. Plaintiffs' inquiry into the existence of a government contract is therefore irrelevant. Accordingly, Crane has met its burden of proving it acted "under" a federal officer.

Plaintiffs next challenge Crane's assertion of a colorable federal defense. In this context, Crane asserts the "government contractor" defense developed in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988). Plaintiffs argue that the government contractor defense is inapplicable to an asbestos lawsuit alleging exposure while in the U.S. Navy. Again, this argument was rejected in *Ruppel*. *See Ruppel,* 701 F.3d at 1184-85.

The federal contractor defense articulated in *Boyle* provides that liability for design defects in military equipment cannot be imposed pursuant to state law when: "(1) the United States approved reasonably precise specifications; (2) the equipment

6

conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Boyle*, 487 U.S. at 512. Given Congress's decision to litigate federal defenses in a federal forum, this requires "the defense only be colorable, instead of clearly sustainable [.]" *Ruppel,* 701 F.3d at 1182.

In the instant case, Crane has provided affidavits concerning the manufacture and distribution of products pursuant to military standards and specifications requiring the use of asbestos. These affidavits demonstrate that the Navy and the government were well aware of the hazards associated with the use of asbestos-containing materials. In *MacQueen v. Union Carbide Corporation*, 2013 WL 6571808 at *7, an asbestos-related personal injury action, the court held that similar affidavits from Anthony D. Pantaleoni, David P. Sargent, Jr., and Samuel A. Forman, M.D., gave rise to a colorable federal defense.

In this context, Crane need not prove the validity of such a defense, but must show only that such a defense is "plausible." *Ruppel,* 701 F.3d at 1182. Consequently, the defense "should be judged by federal standards in a federal district court." *Gates*, 2014 WL 104965 at *6. Therefore, Crane has established the existence of a colorable federal defense, and "whether the facts establish the conditions for the defense is a question for the [trier of fact]." *Boyle*, 487 U.S. at 514.

Additionally, there is a causal nexus between plaintiffs' claims and Crane's conduct performed under color of a federal officer. *See* 28 U.S.C. § 1442(a). This requires a defendant to show that it acted under the command of the federal government. *MacQueen*, 2013 WL 6571808 at *12. As previously discussed, Crane established a

colorable federal defense as it relates to plaintiffs' use of asbestos and failure to warn claims.  Because plaintiffs' relationship with Crane "derived solely from [its] official duties for the navy," *Ruppel*, 701 F.3d at 1181, it satisfies the requisite causal connection between plaintiffs' claims and Crane's conduct performed pursuant to the Navy's discretion.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand is denied.[1]  This case is set for a report on status for March 25, 2014 at 9:00 a.m.

**ENTER:** **March 6, 2014**

**Robert W. Gettleman**
**United States District Judge**

---

[1] Plaintiffs' Objection and Motion to Strike Paragraph Number 16 of Crane Co.'s Notice of Removal is denied as moot.