IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH D. SMITH, JR. and DIANE SMITH, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 13 C 7411 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| CRANE CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Diane and Kenneth D. Smith, Jr. sued Defendant Crane Co. ("Crane"), along with 25 other defendants,[1] seeking damages Kenneth incurred as a result of exposure to asbestos, and for Diane's loss of consortium. Count III alleges that Diane suffered loss of consortium due to Kenneth's development of mesothelioma, caused by defendants' negligent use of asbestos in products used by Kenneth during his employment. Defendants have moved to dismiss Count III, pursuant to Federal Procedure Rule 12(b)(6). For the reasons discussed below, defendants' motion to dismiss Count III is granted.

## BACKGROUND

Plaintiffs Diane and Kenneth Smith married on August 3, 1979. Prior to their marriage, Kenneth served in the United States Navy from 1964 to 1968. Kenneth alleges that during the course of his employment, certain products sold or supplied by Crane to the Navy exposed him to asbestos fibers. On June 25, 2013, Kenneth was diagnosed with malignant mesothelioma.

---

[1] Plaintiffs named 26 defendants in their complaint, many of which have already settled or have been voluntarily dismissed. Because the instant motion relates only to Crane and defendant Ingersoll-Rand Corporation, which moved to join Crane's motion (Doc 142), the court refers to both movants as the "defendants."

Diane and Kenneth brought suit for Kenneth's injuries from the asbestos exposure, and for Diane's loss of consortium due to Kenneth's exposure to asbestos and his subsequent illness.

## DISCUSSION

In Count III of the amended complaint, plaintiff Diane alleges loss of consortium resulting from Kenneth's mesothelioma. Defendants argue that they owe no duty to Diane because Kenneth's exposure to asbestos predates the couple's marriage. Defendants rely on two Illinois Appellate Court cases, Monroe v. Trinity Hosp.-Advocate, 345 Ill. App. 3d 896, 803 N.E.2d 1002 (Ill. App. Ct. 2003) and Gillenwater v. Honeywell Int'l, Inc., 2013 IL App (4th) 120929, 375 Ill. Dec. 123, 996 N.E.2d 1179.[2] In Monroe, the court affirmed the dismissal of a wife's loss of consortium claim because she was not married to her husband at the time he suffered serious injury, even though the injury was not discovered until after the marriage. 345 Ill. App. 3d at 900. Gillenwater, relying on Monroe, addressed the same question and held that a wife could not recover for loss of consortium because she was not married to her husband at the time he was allegedly exposed to asbestos. 2013 IL App (4th) 120929 ¶149.

Under Monroe and Gillenwater, loss of consortium claims are "legally separate and distinct from the directly injured spouse's cause of action," although they are predicated on the alleged injury to a spouse. Monroe, 345 Ill. App. 3d at 899. Consortium involves a legally recognized marital relationship. Sostock v. Reiss, 92 Ill. App. 3d 200, 206, 415 N.E.2d 1094, 1098 (1980). Loss of consortium stems from the inability to sustain all facets of that relationship. Id. (citing Blagg v. Illinois F.W.D. Truck and Equipment Co., 143 Ill.2d 188, 200, 157 Ill.Dec. 456, 572 N.E.2d 920 (1991)).

---

[2] The parties agree that Illinois law applies in this diversity case.

To recover in tort, one party must owe a duty to another. Monroe, 345 Ill. App. 3d at 899. Essentially, "there can be no recovery in tort for negligence unless the defendant has breached a duty owed to plaintiff." Sostock, 92 Ill. App. 3d at 206. See also Lyons v. Christ Episcopal Church, 71 Ill. App. 3d 257, 27 Ill.Dec. 559, 389 N.E.2d 623 (1979). Thus, for a breach of duty to occur, the couple must be married at the time the alleged injury transpired. Monroe, 345 Ill. App. 3d. at 899. If a martial relationship does not exist at the time of the alleged injury, a defendant owes no duty to the spouse alleging loss of consortium. Sostock, 92 Ill. App. 3d at 206. Here, Diane and Kenneth were not married at the time of Kenneth's alleged exposure to asbestos. Since no martial relationship existed at the time of exposure, defendants owed no duty to Diane.

Plaintiffs respond by arguing that the Illinois discovery rule allows for a loss of consortium claim to toll along with the cause of action. Under Illinois law, a cause of action accrues "when a party knows or reasonably should know both that an injury has occurred and that it was wrongfully caused." Nolan v. Johns-Manville Asbestos, 85 Ill. 2d 161, 171, 421 N.E.2d 864, 868 (1981). Loss of consortium claims can commence at the same time as the cause of action. 735 ILCS 5/13-203. Nevertheless, the Illinois discovery rule tolls the statute of limitations that would otherwise apply, and was not intended to "[determine] whether a tort claim *ever arose in the first place*." Monroe, 345 Ill. App. 3d at 900 (emphasis in original) (quoting Zwicker v. Altamont Emergency Room Physicians Med. Grp., 98 Cal. App. 4th 26, 34, 118 Cal. Rptr. 2d 912 (2002)). Further, the rule does not indicate that loss of consortium claims can be brought for alleged injuries that occurred before a martial relationship began. Monroe, 345 Ill. App. 3d at 900. In the instant case, because Diane and Kenneth Smith married after

3

Kenneth's alleged exposure to asbestos, no valid cause of action for Diane existed at the time of exposure. Because the discovery rule's scope does not include loss of consortium claims for spouses married after the injury occurred, when no valid cause of action existed, plaintiffs' first argument fails.

Plaintiffs next urge this court to disregard the Illinois Appellate Court and instead adopt California's approach to loss of consortium claims in asbestos cases. Plaintiffs argue that Vanhooser v. Superior Court, 206 Cal. App. 4th 921 (2012), as well as several cases from other states,[3] should be applied in lieu of Monroe and Gillenwater. Yet, this court is bound to predict the outcome as if decided by the Illinois Supreme Court. Allen v. Transamerica Ins. Co., 128 F.3d 462, 466 (7th Cir. 1997). The Illinois Supreme Court has yet to address this issue.[4] Accordingly, this court must rely on the decisions of the intermediate Illinois appellate courts unless "there are persuasive indications that the highest state court would decide the issue differently." Allen, 128 F.3d at 466; Clarin Corp. v. Massachusetts General Life Ins. Co., 44 F.3d 471, 474 (7th Cir. 1994). No such persuasive indications exist, and the Gillenwater court specifically rejected Vanhooser. Gillenwater, 2013 IL App (4th) 120929 ¶151. Consequently, this court must follow the Illinois Appellate Court, apply Gillenwater and Monroe, and grant the motion to dismiss in favor of defendants.

---

[3] Green v. A.P.C., 960 P.2d 912, 918-19 (Wash. 1998); Kociemba v. G.D. Searle & Co., 683 F. Supp. 1577, 1578 (D. Minn. 1988); Furby v. Raymark Indus., Inc., 397 N.W.2d 303, 306-07 (Mich. Ct. App. 1986); Stager v. Schneider, 494 A.2d 1307, 1316 (D.C. 1985).

[4] The Illinois Supreme Court denied the plaintiffs' petition for leave to appeal. See Gillenwater v. Honeywell Int'l, Inc., 2013 IL App (4th) 120929, 996 N.E.2d 1179, appeal denied, 116739, 2014 WL 466089 (Ill. Jan. 29, 2014).

## CONCLUSION

For the foregoing reasons, defendant Crane and Ingersoll-Rand Corporation's motion to dismiss Count III is granted.


**ENTER:     July 14, 2014**

                                                  _____
                                                  **Robert W. Gettleman**
                                                  **United States District Judge**